## MASON et al. v. BRAINARD.
### No. 7767.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1935.

Keith R. Ferguson, of San Francisco, Cal. (John P. Jennings, of San Francisco, Cal., of counsel), for appellant.

Grant H. Wren, of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the order of the District Court in bankruptcy affirming an order of the referee denying the petition of the appellants for the payment to them of the sum of $900 which had theretofore been received by the trustee in bankruptcy as interest payments upon a promissory note for $45,000, payable to the trustee in bankruptcy, theretofore executed by C. S. Parker as evidence of the purchase price of certain assets of the two bankrupt corporations. In order to understand the problem presented by the record, it will be necessary to state in some detail the facts in reference to the execution of the promissory note of C. S. Parker and the relation of the appellants thereto.

It appears that the trustee in bankruptcy had offered for sale a large part of the assets of the bankrupt corporations for which highest bid offered was $5,000 in cash. The appellants, having claims against the bankrupt estates aggregating over $400,000, being approximately four-fifths of all the claims proved in the bankruptcy proceedings, considered this bid inadequate and suggested that they could procure a purchaser for the assets for more than this amount, if the same could be arranged on time payments. By agreement between appellants and the trustee, the trustee rejected the bid of $5,000 cash and appellants secured the bid of C. S. Parker for the purchase of the assets for the sum of $50,000, of which $5,000 was to be paid in cash, and the balance to be evidenced by a promissory note of $45,000, payable at the rate of $500 per month beginning August 11, 1933, with interest at the rate of 6 per cent. upon the unpaid principal, interest also to be payable monthly beginning November 11, 1932. The agreement under which this arrangement was effected, which was approved by the referee, provided, among other things that the appellants "do hereby covenant and agree that they will accept their pro rata of all dividends hereafter to be paid or declared in said bankruptcy proceedings" upon their said claims "out of a certain promissory note for $45,-000 heretofore made and executed by C. S. Parker or the proceeds thereof in so far as the said note, or its proceeds are sufficient to pay the pro rata of said dividends; and the undersigned do hereby waive any and all right which they have or may have to receive any dividend out of the cash

avails coming into the hands of the trustee."

Subsequently, on December 23, 1932, the referee declared a dividend of 3½ per cent. and provided by the order for the distribution of $3,344.87 to over 100 creditors whose claims aggregated $95,567.81. No provision was made in the order declaring the dividend for any payment to the appellants upon their claims against the bankrupt estates. This dividend was evidently in large part a distribution of the $5,000 in cash paid by C. S. Parker as the initial cash payment upon the purchase price of the goods sold to him for $50,000. At the time of the declaration of the 3½ per cent. dividend on December 28, 1932, the trustee in bankruptcy had in his possession the sum of $450 received as interest from C. S. Parker on the promissory note of $45,000 and subsequently received another $450 as interest on said note. Appellants contend that inasmuch as the dividend of 3½ per cent. would have entitled them to payment of $14,167.50 they were entitled to have this amount satisfied so far as it could be done by the payment to them of moneys derived from the proceeds of the promissory note of C. S. Parker, and, consequently, claim that they are entitled to the payment of this $900 in the hands of the trustee under the dividend order theretofore made by the referee. The trustee claims that the remedy of the petitioners was by appeal from the order declaring the dividend which in effect excluded the petitioners from participating therein. Before considering these questions, there is another factor to be considered.

In May, 1933, C. S. Parker having defaulted in the payment of the interest due under his note, the trustee, believing that the collection of the note was extremely doubtful, entered into a compromise agreement with the appellants with relation thereto which was subsequently approved by the referee in bankruptcy. By this compromise agreement the appellants purchased the $45,000 promissory note for the sum of $20,000 "to be paid out of the dividends to be received by them," but it also provided that the agreement was "without prejudice to whatever rights they [appellants] may have in and to the interest paid by C. S. Parker on said promissory note to the trustee." Had a dividend been declared in favor of the appellants before the second agreement, the sum of $900 in the hands of

the trustee derived from the promissory note would have been applicable thereto under the original agreement of the appellants with the trustee. But in the absence of an order declaring a dividend in favor of the appellants, they cannot rely upon the 3½ per cent. dividend of December 28, 1932, as fixing an amount payable to them where the order fixed the specific amount payable to each creditor and declared no specific dividend to the appellants.

The order declaring the dividend did not purport to dispose of the interest paid or to be paid upon the C. S. Parker note. In view of this conclusion, it is unnecessary to consider the effect of the supplementary compromise agreement by which the appellants agreed to purchase the $45,-000 promissory note in exchange for dividends.

Order affirmed.